SUNNYDALE ACRES, INC., Respondent, *v.* AUGUST CARDARELLI, Appellant.

Fourth Department, December 5, 1957.

*John Swerdloff* for appellant.

*Irwin E. Ginsburg* and *Hyman Karnofsky* for respondent.

VAUGHAN, J. This action arises out of the sale of a building lot by the plaintiff Sunnydale Acres, Inc., to the defendant August Cardarelli.

It is alleged in the complaint that the agreed purchase price of said lot was $2,300 and "That the Defendant has paid no part of the purchase price of $2300.00 with the exception of performing services for Plaintiff of the agreed price and reasonable value of $1101.50", and that there is now due and owing the sum of $1,198.50 representing the difference between the alleged purchase price and the credit for services rendered by the defendant to the plaintiff.

Defendant admits the delivery to him of a deed covering the premises in question, but claims the agreed purchase price for said lot was $2,000 and that the reasonable value of services performed by him for plaintiff was $2,737.50, and asserts a counterclaim against the plaintiff for $737.50.

The factual situation depicted presents two clear-cut questions of fact. They are: (1) Was the agreed purchase price for the lot $2,300 or $2,000; (2) In what amount, if any, was the plaintiff indebted to the defendant at the time the deed was delivered?

At the close of all of the testimony the court, upon motion, dismissed defendant's counterclaim.

Implicit in the jury verdict of no cause of action is a finding that the agreed value of the lot in question was $2,000 and that the plaintiff was indebted to the defendant in the sum of $2,000 at the time of the delivery of the deed. Following rendition of the verdict the acting County Judge of Erie County set aside the verdict and granted a new trial on the ground that the verdict was contrary to law and was against the weight of the evidence. From that order defendant appeals.

We believe that the acting County Judge was in error in setting aside the verdict. It is conceded by the allegations of paragraph Fifth of the complaint that the defendant rendered services for plaintiff of the agreed value of $1,101.50. In the face of such an admission, plaintiff cannot now successfully claim that the work performed by defendant was performed for one J. R. Caruanna, the active manager of Sunnydale Acres, Inc., individually, and not for the plaintiff. At least the evidence creates a clear question of fact on that issue and the jury verdict, in my opinion, is not against the weight of the evidence on that issue.

As to the value of such services, a further question of fact is presented. The original contract for the excavating or trenching work contracted to be done by the plaintiff was 50 cents a foot. It was Caruanna's contention that he had a contract for

construction of a sewer across plaintiff's premises and that he sublet the excavating or trenching work to defendant at 50 cents a foot. Plaintiff denies that it had any contract with Caruanna for construction of a sewer. When the defendant entered upon the work, he discovered that the soil conditions were such that he could not do the trenching work for 50 cents a foot and called Caruanna telling him that he could not do the work for that price, to which Caruanna replied: " the job has got to be done: go ahead and do it." The reasonable value of the work was testified to be a little over $2,000.

On both issues discussed the evidence is somewhat contradictory but we believe that the jury sized the situation up correctly and that the verdict should stand. It follows that the order setting aside the verdict should be reversed and the verdict of no cause of action reinstated.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.

Order reversed on the law and facts and verdict of the jury reinstated, with costs.